# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MARTIQUE KING, | ) |
|     Plaintiff, | ) |
| v. | )    Case No. CV411-188 |
| THE HONORABLE TAMMY STOKES, | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Martique King's 42 U.S.C. § 1983 civil rights complaint.[1] (Doc. 1.) The Court granted King leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 4.) He has returned the two forms, so the case is ready to proceed. (Docs. 5 & 6.)

King claims that his indictment is a nullity because "someone other than himself" waived his preliminary hearing and that Judge Stokes committed perjury when she "stamped and signed" something she knew

---

[1] This is one of four cases King has filed since August 1, 2011. *King v. Grindle*, No. CV411-199 (S.D. Ga. filed Aug. 8, 2011); *King v. Ihrig*, No. CV411-189 (S.D. Ga. filed Aug. 1, 2011); *King v. St. Lawrence*, No. CV411-187 (S.D. Ga. filed Aug. 1, 2011).

to be false. (Doc. 1 at 2.) Presumably, he seeks release from confinement because he is held under a "null" indictment, but he asks only that the Court assume jurisdiction of the case, set it down for a hearing, and order an unspecified restraining order and preliminary injunction. (*Id.* at 1, 2.) King's claim is utterly frivolous, and his complaint should be dismissed.

King admits that he was indicted. (Doc. 1 at 2 (he is "held in jail without bond, and on null indictment").) Once indicted, "there is no judicial oversight or review of the decision to prosecute," hence no preliminary hearing is required. *McClarity v. State*, 234 Ga. App. 348, 396 (1998) (quotations and citations omitted). And even if the hearing was required by state statute, there would still be no constitutional claim to raise here. *See, e.g., Stephenson v. Gaskins*, 539 F.2d 1066, 1068 n.1 (5th Cir. 1976) (per curiam) (no constitutional right to a preliminary hearing once probable cause has been established).[2] Finally, the failure to hold a preliminary hearing would not stop the proceedings against

---

[2] *Stephenson* is binding Eleventh Circuit authority. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

King.[3]  At most, it would lead to the exclusion of evidence. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) ("a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause"); see *Lawhorn v. Allen*, 519 F.3d 1272, 1290-91 (11th Cir. 2008) (suggesting suppression *may* be an appropriate remedy for a "*Riverside/Gerstein*" probable cause hearing violation).[4]

As an additional matter, King alleges that the judge here "perjured" herself by suggesting that the waiver was "free and voluntary" when the hearing was "waived by someone other than" King. (Doc. 1 at 2.) As best the Court can tell, the meat of King's claim is that

---

[3] King's sole case, *Manor v. State*, 221, GA. 866 (1966), held that the failure to hold a preliminary hearing may lead to overturning a conviction, but that case was expressly overruled in *State v. Middlebrooks*, 236 Ga. 52, 54 (1976). In any event, *Manor* did not establish any *federal* constitutional remedy for such a claim.

[4] Moreover, King appears to have been represented by counsel. *See King v. Ihrig*, No. CV411-189 (S.D. Ga. filed Aug. 1, 2011) (complaining of counsel's performance and asking that she be prohibited from further representation). Presumably his hearing was waived by his attorney. (King never specifies -- he simply says in both cases that the hearing was waived by someone other than himself.) If that was the case, he still loses. The decision whether to hold a preliminary hearing is not the sort of fundamental decision left to the accused -- it does not involve the decision whether to plead guilty, waive a jury, testify on his own behalf, or take an appeal. *E.g.*, *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Hence, counsel may waive the hearing with or without her client's consent. *Cf. Martinez v. State*, 258 Ga. App. 102, 105 (2002) (attorney may make tactical decision to waive a preliminary hearing without providing ineffective assistance); *Ellison v. State*, 242 Ga. App. 636, 638 (2000) (same).

Judge Stokes ratified someone else's bad behavior and is thus responsible for the preliminary hearing violation. The only way King could reach the judge on those facts would be through a § 1983 conspiracy claim, but he has not alleged the requisite "agreement" element. *Am. Fed. of Labor and Congress of Indus. Organizations v. City of Miami*, 637 F.3d 1178, 1191 (11th Cir. 2011) (to prevail on a § 1983 conspiracy claim, plaintiff must show an agreement by two or more people, at least one of whom is a state actor, to violate his constitutional rights).

King faces further obstacles. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not interfere with King's state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v.*

*Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

Here, King only implicates the "bad faith" exception by suggesting that Judge Stokes improperly certified that his preliminary hearing waiver was "free and voluntary." (Doc. 1 at 2.) She did so solely to "punish Plaintiff, harassing, and deprive him." (*Id.*) Such allegations do not amount to "a 'substantial allegation' showing actual bad faith." *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (footnote omitted). "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass"). Consequently, none of the exceptions to the *Younger* doctrine apply in this case.[5]

---

[5] King is also advised that the state courts are perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to

For that matter, to the extent King seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson*, 358 F. App'x at 119 (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that he must first exhaust his state court remedies.[6] If he wishes to proceed with such a claim, he

---

enforce federal law."). He need not run to federal court every time he believes he has been subjected to an injustice.

[6]   King does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Frazier's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

should file a 28 U.S.C. § 2241 habeas petition, but he is advised that such a petition would likely be subject to immediate dismissal for lack of exhaustion.

Finally, any attempt by King to amend his complaint to seek only money damages would fail.  The only defendant here is a judge, and judges are protected by absolute judicial immunity.  *See McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Mireles v. Waco*, 112 S. Ct. 286, 288 (1991).  A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction.").

Accordingly, plaintiff Martique King's complaint should be **DISMISSED**, as it bears not even the slightest hope that it can be cured with a "second-chance" amendment.  *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to

dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

**SO REPORTED AND RECOMMENDED** this  13th  day of September, 2011.

_____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA